UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD SMOOT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 16-0462 (TSC) |
| ) | |
| U.S. PAROLE COMMISSION, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Ronald Smoot's petition for a writ of habeas corpus, ECF No. 1, the respondent's opposition to the petition, ECF No. 6, and its response to the Court's September 2, 2016 minute order, ECF No. 13. For the reasons discussed below, the petition will be DENIED.

### I. BACKGROUND

On the petitioner's plea of guilty to one count of manslaughter, on June 26, 1996, the Superior Court of the District of Columbia imposed a sentence of five to 30 years' imprisonment. *See* Pet. at 2 (page numbers designated by ECF); Govt Opp to Petr's *Pro Se* Pet. for a Writ of Habeas Corpus ("Govt Opp") at 1; *see id*., Ex. 9 (Judgment and Commitment Order, *United States v. Smoot*, No. F556-96C (D.C. Super. Ct. June 26, 1996)). Since the petitioner's first parole release on December 8, 2006, parole has been granted and revoked several times. *See generally* Govt Opp, Ex. 1 (Sentence Monitoring Computation Data) at 1-10. As of April 9, 2015, the date of the petitioner's last parole release, he was to remain under supervision until December 2, 2028. *Id*., Ex. 1 at 2.

1

Only a few weeks after the petitioner's release, on June 18, 2015, he was arrested in the District of Columbia and charged with attempted robbery. *See generally id*., Ex. 10 (Docket sheet, *United States v. Smoot*, No. 2015 CF3 008268 (D.C. Super. Ct. filed June 18, 2015)). On July 21, 2015, the petitioner was indicted on one charge of attempt to commit robbery. *Id*., Ex. 10 at 6. He was detained pending trial, *see id*., Ex. 10 at 2-4, and each of two trials resulted in a hung jury, *see id*., Ex. 10 at 2-3. The government amended its criminal complaint on November 23, 2015, charging the petitioner with assault and attempted second-degree theft. *See id*., Ex. 10 at 2. Before these proceedings concluded, the petitioner filed the instant petition for a writ of habeas corpus. *See generally* Pet. at 1, 6.[1]

The petitioner waived his right to trial on the new charges and opted instead to plead guilty to one count of simple assault. *See* Govt Opp, Ex. 11 (Plea Agreement and Waiver of Trial). On February 24, 2016, the Superior Court imposed a sentence of 180 days' incarceration, execution of the sentence suspended as to all but time served, and supervised probation for six months. *Id*., Ex. 5 (Judgment, *United States v. Smoot*, No. 2015 CF3 008268 (D.C. Super. Ct. Feb. 24, 2016)).

Meanwhile, on June 19, 2015, the United States Parole Commission ("Commission") charged the petitioner with violations of five conditions of his parole release, including his failure to obey all laws as evidenced by his arrest on June 18, 2015. *Id*., Ex. 2 (Alleged Violation(s) Report dated June 19, 2015) at 2. Subsequently, on July 30, 2015, the Commission issued a violator warrant. *See generally id*., Exs. 3-4 (respectively, Warrant Application and Warrant). The warrant was executed and the petitioner was arrested on March 7, 2016. *Id*., Ex.

---

[1] The petitioner signed the petition on February 11, 2016, *see* Pet. at 6, and the Clerk of Court received the petition on February 16, 2016, *see id*. at 1.

4 (Warrant) at 2.  The Commission supplemented its warrant on April 6, 2016 to reflect the petitioner's simple assault conviction.  *Id*., Ex. 7 (Supplement).

Four days later, on March 11, 2016, the Commission conducted a probable cause hearing at which the petitioner was represented by counsel.  *See id*., Ex. 6 (D.C. Probable Cause Hearing Digest) at 1.  Upon the Commission's finding of probable cause, the petitioner remained in custody pending a parole revocation hearing, *id*., Ex. 6 at 5, which had been scheduled for the week of May 9, 2016 at the Federal Detention Center in Philadelphia, Pennsylvania, *id*., Ex. 12 (U.S.P.C. Hearing Docket).

The Commission proposed, and the petitioner accepted, expedited revocation of parole.  *See* Resp't's Second Supplement to Resp. to Court's Order to Show Cause Why Writ of Habeas Corpus Should Not Issue at 2.  When the petitioner accepted the Commission's proposal, he not only accepted responsibility for his conduct but also waived his right to a revocation hearing.  *Id*., Ex. A (Response to Expedited Revocation Proposal).  Accordingly, the Commission revoked parole and set a reparole date of October 15, 2016.  *Id*., Ex. B (Notice of Action dated May 13, 2016).

## II. DISCUSSION

According to the petitioner, the respondent violated his right to due process by failing to execute the Commission's warrant and to conduct a parole revocation hearing within the requisite time limits.  *See* Pet. at 5.  He learned of the Commission's warrant on December 16, 2015, and claimed to have been in custody for more than 70 days without a hearing.  *See id*.  Further, the petitioner contends that the respondent's failure either to lodge the Commission's warrant as a detainer or to execute the warrant immediately upon issuance "hindered his stradegy

[sic] for case no. 2015CF38268." Pet. Resp. to the Resp't's Opp'n to Pet'r's [TC1]Pro Se Pet. for a Writ of Habeas Corpus, ECF No. 11 ("Pet'r's Resp.") at 2 (page numbers designated by ECF).

Relevant to this case are Commission regulations which set deadlines for probable cause and revocation hearings. A probable cause hearing must occur within five days of the execution of its warrant:

> A parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking.

28 C.F.R. § 2.101(a). Upon the determination that "there is probable cause to believe that the parolee has violated parole as charged," *id*., "an institutional revocation hearing shall be scheduled for a date that is within ninety days of the parolee's retaking," *id*. § 2.101(e). When the petitioner filed his petition for a writ of habeas corpus in February 2016, he was in custody by order of the Superior Court pending resolution of Case No. 2015 CF3 008268. Not until the Commission executed its warrant on March 7, 2016 was the petitioner in custody under the Commission's authority. In other words, the clock began to run on March 7, 2016.

The record reflects that the petitioner's probable cause hearing occurred on March 11, 2016, within five days of his retaking. Due to the petitioner's transfer to FDC Philadelphia, the Commission scheduled an institutional revocation hearing for the week of May 9, 2016, within 90 days of his retaking. The proposed hearing date is irrelevant, however, in light of the petitioner's acceptance of the Commission's expedited revocation proposal.

## III. CONCLUSION

The respondent demonstrates that it conducted a timely probable cause hearing, that it scheduled a timely revocation hearing, and that the petitioner agreed to revocation of his parole. The petition for a writ of habeas corpus will be denied.  An Order is issued separately.

/s/
TANYA S. CHUTKAN
United States District Judge

DATE: September 13, 2016